## BUCK CARTER v. THE STATE.

No. 15714. Delivered May 3, 1933.
Reported in 59 S. W. (2d) 1084.

The opinion states the case.

*R. C. Winters,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful sale of intoxi-

cating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

From the testimony of J. P. Yoes, a youth fifteen years of age, who had resided in Tuscola all his life, it appears that on or about November 14, 1931, he bought a pint of whisky from the appellant. The sale took place between the Feed Store and Dickenson Motor Company. Yoes paid appellant one dollar for the whisky. The witness drank part of the whisky and others drank the rest of it. He did not see the appellant at the party, which was held at the home of John Graham, that night. On cross-examination Yoes said that he was unable to give the day of the week, but was able to identify the appellant as the person from whom the whisky was purchased. From the testimony of the witness we quote: "You ask me how I identify that he sold me a pint of whisky on the 14th of November, and I answer I don't remember when it was. I don't remember telling anybody about me buying this whisky. Nobody was with me when he is supposed to have sold me this whisky. It was just a transaction between him and myself."

The witness went to the party the night of the same day on which the transaction occurred. He was later examined before the grand jury. He had never bought any whisky before or since. No one was present except the purchaser and the seller. From the witness we quote further: "I cannot identify that date. I do not know whether it was the 14th of January or the 14th of November—I can't remember. It is not all guess work on my part."

The witness appeared before the grand jury at the November term, 1931. He did not remember whether or not he was before the grand jury on the 19th of January, 1931.

Appellant testified in his own behalf that he had heard the testimony of Yoes about purchasing whisky from him on the 14th of November. From the appellant's testimony we quote: "I did not sell him (Yoes) any whisky on that date. I did not sell him any whisky on any date. I never sold any whisky in my life. I did not deliver any whisky. I heard him testify as to a party at John Graham's that night of the day this is supposed to have taken place. I was not at that party. * * * I don't remember whether it was the 7th or the 15th that I left and went to Corpus Christi. * * * I don't remember whether I was there in Tuscola on that date or not. I have been in Corpus Christi since then. I went to Corpus Christi and stayed until some time in January."

On cross-examination the appellant testified: "I was ar-

rested in Corpus Christi in this case. I don't remember the date that I was arrested, but it was this year. I was indicted in November, 1931. I don't remember exactly what month this year it was that I was arrested; I think, though, it was in February."

Appellant testified that he had been convicted of driving a car while intoxicated. The indictment was filed on the 20th of November, 1931. On the 7th day of July, 1932, the appellant filed his motion for new trial, to which is attached the affidavits of several witnesses.

In his affidavit, H. W. Carter (appellant's father) states that the appellant left home about the first day of November, 1931. The witness swears positively that the appellant was not in Taylor county on the 14th of November, 1931. The witness stated no facts other than those based upon his conclusion.

Amos Walden testified by affidavit that he was in the employ of the Dickenson Motor Company on November 14, 1931, on which day neither the appellant nor Yoes came into the building, nor was the appellant in Tuscola on that day; the witness was a brother-in-law of the appellant; the witness had given a party for his daughter on her birthday on November 12, 1931; that the appellant did not attend the party for the reason that he had left Tuscola for Corpus Christi, having left Tuscola on or about the first of November, 1931.

Another witness, B. E. Gladden, testified that appellant had left about the 8th of November, 1932. The witness did not hear of him again until he heard that appellant had been brought from Corpus Christi and placed in the jail of Taylor county.

John Pearson, T. A. Newby and Joe Kinnison made affidavit to the effect that they knew the appellant, Buck Carter, and saw him at various times in the city of Corpus Christi, where they found him staying around the terminal of the Red Arrow Freight Lines. They knew that appellant had been in West Texas and came to Corpus Christi approximately between the first and fifth of November, 1931. The affidavit of T. A. Newby was to the effect that while driving back from Sinton he picked up the appellant at Taft and brought him to Corpus Christi; that appellant was on his way from West Texas at that time. From the affidavit we quote: "We all feel reasonably certain that he was not in West Texas on the 14th day of November, 1931."

No bills of exception are found in the record; nor does it appear that the evidence in the affidavit was newly discovered. We have found in the record no brief for the appellant.

The evidence is deemed sufficient to support the conviction. The judgment is affirmed.

*Affirmed.*